IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAAL AKI, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 1:11-CV-1731 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| | : |
| WARDEN, USP CANAAN, | : |
| | : |
| Respondent | : |

# MEMORANDUM

November 30, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Jamaal Aki ("Petitioner" or "Aki"), an inmate presently confined at the United States Penitentiary Canaan ("USP Canaan") in Waymart, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241.  (Doc. 1.)  He also filed a supporting memorandum of law.  (Doc. 5.)  Aki asserts that he is being unlawfully detained by the United States Parole Commission ("the Commission") on an alleged violation of his parole from sentences imposed by the District of Columbia Superior Court in 1993.  (Doc. 1 ¶ 4.)  As relief, he requests that this Court dismiss the detainer for the violation of parole and vacate the 1993 charges of second degree burglary and

violation of the Bail Reform Act for which he was sentenced. (*Id.*)

By Order dated October 17, 2011, service of the Petition was directed, and Respondent was ordered to file an answer to the Petition within twenty-one (21) days. (Doc. 6.) On November 7, 2011, Respondent filed a Response to the Petition (Doc. 8) along with supporting exhibits (Doc. 8-1). Subsequently, on November 14, 2011, Respondent filed a Notice of discrepancies in the exhibits stating that Exhibit 8 had been omitted, and that the page numbering of Exhibit 11 made it appear to be incomplete. (Doc. 10.) Along with the Notice, Respondent provided a copy of Exhibit 8 and an electronic copy of Exhibit 11 to show that it was complete as filed. (Doc. 10-1.) On November 21, 2011, Aki filed a letter in which he responds to the Response, and which we therefore construe as his reply brief. (Doc. 11.) On November 25, 2011, Aki filed an "Objection to Respondents' [*sic*] Notice to the Court."[1] (Doc. 12.) On November 29, 2011, Aki filed an additional letter directed to the Court, which was docketed as his reply brief, but which we construe as a supplement to his reply filed on November 21. (Doc. 13.) Within his most recent correspondence, Aki also requests that this Court grant him an evidentiary hearing as soon as possible. (*Id.* at 3.) A copy of his earlier filed reply also is attached to Aki's

---

[1] In his objection, Aki asserts that the Assistant United States Attorney who filed the Response on Respondent's behalf purposely excluded the exhibits he later submitted with his Notice in an attempt to "paint a picture of [Aki] as a bad guy." (*See* Doc. 12 at 1.) Aki has not pointed to anything in the record to support his assertion, and therefore, his objection is overruled.

most recent letter.  (Doc. 13-1.)  The Petition now is fully briefed and ripe for disposition.  For the reasons set forth herein, the Petition will be denied, and therefore, Aki's request for an evidentiary hearing will be denied as moot.

## I.    FACTUAL BACKGROUND

On October 4, 1993, Aki (also known as Demetrius Williams, Jamual Aki, Jamal Ali, Jason Johnson, and Jamaal Muhammed) was sentenced by the District of Columbia Superior Court to a one (1) year term of imprisonment for violation of the Bail Reform Act.  (Doc. 8 at 1; Doc. 8-1 at 4, Ex. 1, D.C. Face Sheet.[2])  On November 5, 1993, he was sentenced by the same court to a 120 month (five year) term of imprisonment for second degree burglary.  (Doc. 8-1 at 4.)

On June 24, 1996, the District of Columbia Board of Parole ("the Board") paroled Aki to a detainer from the State of Virginia.  (*Id*. at 5, Ex. 2, Notice of Board Order.)  Pursuant to the Board's Order, Aki was to remain under parole supervision until April 6, 2004.  (*Id.* at 7, Ex. 3, Certificate of Parole.)  On January 25, 1999, the Board issued an arrest warrant charging Aki both with criminal and noncriminal violations of his parole.  (*Id.* at 9, Ex. 4, Notice of Board Order; at 10, Ex. 5, Warrant.)

---

[2]Throughout this Memorandum, citations to page numbers of documents filed to the docket in this action are to the page numbers generated by the CM/ECF System.

On July 5, 2000, Aki was transferred to the jurisdiction of the Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131 (formerly 24-1231). (*Id.* at 12, Ex. 6, Transmittal.) As reflected by the Transmittal Notice, at the time of this transfer of jurisdiction, Aki was confined at Rikers Island, New York City, New York, and the Board's warrant was lodged as a detainer at that facility. (*Id.*) Following the transfer of jurisdiction, on February 16, 2005, the Commission supplemented the Board's warrant with an additional charge of criminal sale of a controlled substance (crack cocaine), a charge for which Aki had received a new five year sentence imposed by the New York City Supreme Court on September 14, 2000. (*Id.* at 13, Ex. 7, Supplement.) The Commission also reviewed the detainer on the record, and issued the following order: "Let the Detainer Stand." (Doc. 10-1 at 1, Ex. 8, Notice of Action.)

The Commission's warrant was executed on March 3, 2005, and a revocation hearing was conducted for Aki on August 5, 2005. (Doc. 8-1 at 14, Ex. 9, 8/5/2005 Hearing Summary.) Following that hearing, on August 30, 2005, the Commission revoked Aki's parole, ordered that he receive no credit for time spent on parole ("street time"), and ordered another hearing after the Commission received

4

information about disciplinary infractions from the State of New York. (*Id.* at 18, Ex. 10, Notice of Action.) The continuation hearing was conducted by the Commission on February 23, 2006. (Doc. 10-1 at 2, Ex. 11, 2/23/2006 Hearing Summary.) Following that hearing, the Commission ordered that Aki serve 120 months (including credit toward his guideline range for time spent in state custody) to March 7, 2010. (Doc. 8-1 at 26, Ex. 12, 3/24/2006 Notice of Action.) When Aki was reparoled on March 7, 2010, he was to remain under supervision until November 29, 2012. (*Id.* at 29, Ex. 13, 2/17/2010 Certificate of Parole.)

On November 30, 2010, the Commission issued a warrant charging Aki with violating the conditions of parole for failure to submit to drug testing, use of dangerous and habit forming drugs, failure to report to supervising officer as directed, and violating the law by committing robbery and fleeing from the police. (*Id.* at 32-33, Ex. 14, 11/30/2010 Warrant Application.) On July 1, 2011, the Commission issued a supplement to its November 30, 2010 warrant application showing that Aki had been convicted by the District of Columbia Superior Court on the charges of robbery, fleeing from a law enforcement officer, and attempting to commit robbery, and had been sentenced to twenty-four (24) months imprisonment and three (3) years supervised release on each count. (*Id.* at 34, Ex. 14, Supplement to 11/30/2010 Warrant Application.) By Memorandum dated November 30, 2010, the Commission

instructed the United States Marshals Service to take custody of Aki, but stated that if he already was in the custody of federal, state, or local authorities, the Commission's warrant should be placed as a detainer.  (*Id.* at 35, Ex. 15, 11/30/2010 Memorandum.)

By letter dated July 7, 2011, the Federal Bureau of Prisons ("BOP") inquired with the Commission as to whether it wished to retain its detainer.  (*Id.* at 36, Ex. 16, 7/7/2011 Detainer Action Letter.)  By electronic mail dated October 21, 2011, the Commission instructed the BOP to continue to lodge the detainer and to inform the Commission upon execution of its warrant.  (*Id.* at 37, Ex. 17, 10/21/2011 E-mail.)

Aki currently is serving a new twenty-four (24) month non-parolable sentence for attempted robbery, which was imposed by the District of Columbia Superior Court on April 29, 2011.  (*Id.* at 38, Ex. 18, Sentence Monitoring Computation Data.)  He is scheduled to be released from this sentence to the Commission's detainer on May 22, 2012.  (*Id.* at 39.)

## II.   DISCUSSION

28 U.S.C. § 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Coady v. Vaughn,* 251 F.3d 480, 484 (3d Cir. 2001).

Aki alleges that he is being detained unlawfully at USP Canaan.  (*See* Doc. 1;

Doc. 11, Pet.'r's Reply Br.)  In his Petition, Aki explains that his detention is unlawful "because his eighteen year old parole time" on his 1993 District of Columbia sentences "should be enough" and that this Court therefore "should dismiss the detainer for the violation of parole and vacate the 1993 charge of 2nd degree burglary and BRA [Bail Reform Act] and let petitioner go home as his 24 months [*sic*] sentence will be completed on 3-11-12."  (Doc. 1 at 1 ¶ 4.)  Aki claims that he has been incarcerated since August 26, 2010 contrary to the provisions of violating 1993 parole time."  (*Id.*)

In his reply brief, Aki explains that his "one and only argument" is that he is being "unlawfully detained and restrained of his liberty by USP Canaan" and that he "spoke out of turn" when saying that his eighteen years of parole "should be enough." (Doc. 11 at 1.)  He alleges that, in the Response to the Petition, Respondent fails to respond to his claim that he is being unlawfully detained.  (*Id.*)  In his recent letter to the Court, which we have construed as a supplement to his reply brief, Aki clarifies that he also is asserting that his sentence has expired and that the Commission's warrant therefore is invalid.  (*See* Doc. 13 at 1.)

Aki's claims fail.  It is clear from the record that Aki presently is lawfully confined on the twenty-four (24) month non-parolable sentence imposed by the District of Columbia Superior Court on April 29, 2011 for attempted robbery.  (*See*

7

Doc. 8-1 at 38-39, Ex. 18, Sentence Monitoring Computation Data.) Moreover, in contrast to Aki's allegation that he has been in custody since August 25, 2010 "contrary to the provisions of violating his 1993 parole time" (*see* Doc. 1 at 1 ¶ 4), the record shows that his confinement from August 25, 2010 through April 18, 2011 was pre-sentence confinement on the new twenty-four (24) month sentence that he presently is serving, and that he has received credit for that time toward his current sentence. (*See* Doc. 8-1 at 38-39, Ex. 18, Sentence Monitoring Computation Data.)

It also is clear that the Commission has maintained lawful jurisdiction over Aki inasmuch as, when he most recently was paroled, he was to remain under supervision until November 29, 2012. (*See id.* at 29, Ex. 13, Certificate of Parole.) Therefore, contrary to Aki's argument in his supplement that his sentence has expired and that the Commission's warrant therefore is invalid (*see* Doc. 13 at 1), the Commission's warrant, which was issued on November 30, 2010, was in fact timely issued before the expiration of Aki's sentence in accordance with 28 C.F.R. § 2.98(d)[3]. (*See id.*) While

---

[3] 28 C.F.R. § 2.98 contains provisions for the issuance of a summons to appear or warrant for the retaking of District of Columbia Code Prisoners and Parolees. Subsection (d) of that section provides as follows:

> (d) A summons or warrant may be issued only within the prisoner's maximum term or terms, except that in the case of a prisoner who has been mandatorily released from a sentence imposed for an offense committed before April 11, 1987, such summons or warrant may be issued only within the maximum term or terms less than one hundred eighty days. . . .

(continued...)

it may seem to Aki that he should have served "enough" time by now, it is apparent from the record that he continues to be subject to the Commission's jurisdiction on his 1993 District of Columbia sentences only because of his own repeated violations of his terms of parole and his new criminal conduct, which has resulted in the imposition of new sentences which he must serve before he serves his parole violation time. Consequently, there is no merit to Aki's claim that he is being unlawfully detained, and thus no basis to grant habeas relief. We therefore will deny Aki's Petition for Writ of Habeas Corpus and deny his request for an evidentiary hearing as moot. An appropriate Order shall enter on today's date.

---

[3](...continued)
28 C.F.R. § 2.98(d). Thus, where Aki was to remain on parole supervision through November 29, 2012 on his 1993 District of Columbia sentences, the Commission's November 30, 2010 warrant clearly was timely issued and therefore is valid.